### KANE et al. v. ODELL et al.

(Supreme Court, Appellate Division, First Department.   February 11, 1916.)

1. WILLS &⊃700—ACTION—PARTIES—POSTHUMOUS CHILD.
    Where, in an action to set aside an instrument of division of property by executors, and remove a trustee under the will for misconduct and to construe the will, it appears that, in view of Real Property Law (Consol. Laws, c. 50) § 56, a posthumous child will be entitled to an interest had by its father in the estate, and that, if not made a party, this child will not be bound by the decree, the action will be delayed until the birth of the child, in order that, if born alive, it may be made a party to the action.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1678; Dec. Dig. &⊃700.]

2. WILLS &⊃700—ACTION—PARTY.
    In such action it was not essential that grandchildren of testator's deceased son should be made parties, where their parent was a party and the grandchildren, through privity with their parent, would be bound by the decree.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1678; Dec. Dig. &⊃700.]

Appeal from Special Term, New York County.

Action by Lydia H. Kane and others against Mary J. Odell, individually and as sole surviving trustee under the will of Lawrence Odell, deceased, and others. From denial of motion to bring into the action certain additional parties, defendants appeal. Reversed, and action stayed.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

A. L. Marilley, of New York City, for appellants.
Frank L. Cunningham, of New York City, for respondents.

SMITH, J. Lawrence Odell died in 1886, leaving a son, Joseph H. Odell, and two daughters, Lydia H. Kane and Mary J. Odell. Joseph died subsequent to the testator's decease, leaving him surviving eight children, all of whom are named as parties defendant, except one Lester, who died leaving a child en ventre sa mère. Joseph also left numerous grandchildren, whose parents are still living. Lydia Kane has two children. The fifth clause of the will devised the residuary estate to the executors, to divide into equal parts and—

"To hold one of said parts or shares in trust, to receive the rents, issues and profits of that portion of my real estate and to invest that portion of my personal estate at interest and to apply the net rents, issues and profits, interest

&⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and income arising therefrom to the use of my daughter Mary J. Odell, and on her decease to convey, assign and make over said one-half to her lawful issue her surviving; but in the event said Mary shall die without leaving issue then on her decease to convey, assign and make over said one-half to such person or persons and to such uses and purposes as the said Mary shall by her last will and testament direct; but in the event of the decease of said Mary without leaving any such will, then to convey, assign, and make over said one-half part of my residuary estate to my son Joseph H. and daughter Lydia in equal shares, and in case of the death of either, or both, then to the issue of such of them as may have died leaving issue, such issue to take the share which his, her or their parent would have taken if living; and

"To hold the other and remaining half of my said residuary estate *in trust* to receive the rents, issues and profits, interest and income arising therefrom, and apply the same to the use of my daughter Lydia Kane during her natural life, and on her decease to convey, assign or make over said one-half to the lawful issue of my said daughter Lydia, her surviving."

Mary J. Odell and one Burnett were executors, and in 1891 they exercised their power of distribution under said fifth clause, and divided certain real property on West Thirty-Third street (which was the bulk of the estate) and made and recorded an instrument for that purpose. Burnett died subsequently, and this action is brought by Lydia Kane and her children to set aside this instrument of division, to remove Mary J. Odell from the trusteeship for misconduct, and to construe the will. The order appealed from denied a motion (1) to stay the motion until the birth of Lester Odell's posthumous child and to then make him a party to the motion; and (2) to make parties to the action all the issue of Joseph Odell whose parents are still living.

[1] Under section 56 of the Real Property Law the child of Lester Odell en ventre sa mère becomes when born entitled to its father's interest in the estate. It is immaterial whether that be merely a contingent interest, or a vested interest liable to be divested by the death of Mary J. Odell, with issue or without issue, and having made a will. If not made a party, this child will not be bound by this decree, which would leave an unmarketable title to which the defendant may properly object. In order to procure a decree, then, which shall bind all of the parties necessary to the action, the trial of the issue should be delayed until the birth of said child, and, if born alive, said child should then be made a party to the action, that it may be bound by the decree.

[2] We see no necessity for making any of the grandchildren of Joseph H. Odell parties to this action, where the child is alive. The parent represents the grandchild, and the grandchild is bound by the decree through his privity with his parent. The order should therefore be reversed, with $10 costs, and the motion granted to delay the action until the birth of the child of Lester Odell, and, if born alive, that such child be made a party to the action. All concur.